## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

JORELLE L. HORNE,                    )
                                     )
            Plaintiff,               )
                                     )
v.                                   )            CV425-182
                                     )
HARRISON PRATT,                      )
                                     )
            Defendant.               )

## <u>ORDER</u>

*Pro se* plaintiff Jorelle L. Horne filed this 42 U.S.C. § 1983 action against Assistant District Attorney Harrison Pratt. *See* doc. 1 at 4-5. The Court granted him leave to proceed *in forma pauperis*, doc. 4, and he returned the required forms, docs. 6 & 7.[1] He has also consented to the undersigned's jurisdiction over this case. *See* doc. 8. The Court, therefore, proceeds to screen his Complaint, pursuant to 28 U.S.C.

---

[1] Horne has moved to extend the deadline for his submission of the forms. *See* doc. 9. That Motion indicates that he mailed them on August 18, 2025. *Id.* at 1. Pursuant to the Court's Order granting his request to proceed *in forma pauperis*, doc. 4, the forms were due by August 22, 2025. Fed. R. Civ. P. 6(d). Since, pursuant to the "prison mailbox rule," they are deemed filed on the date he mailed them, *i.e.* August 18, they are timely, *see, e.g., Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001), and his request to extend the deadline is **DISMISSED** as moot. Doc. 9.

§ 1915A.    For  the  reasons  explained  below,  his  Complaint  is
**DISMISSED**.  Doc. 1.

The  Court  applies  Federal  Rule  of  Civil  Procedure  12(b)(6)
standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't
of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), so allegations in the
Complaint are taken as true and construed in the light most favorable to
the plaintiff.  *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).
Conclusory allegations, however, fail.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
(2009)  (discussing  a  Rule  12(b)(6)  dismissal).    Because  Plaintiff  is
proceeding *pro se*, his pleadings are held to a less stringent standard than
pleadings drafted by attorneys and are liberally construed.  *See Bingham
v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Horne alleges that Defendant Pratt, a Chatham County Assistant
District  Attorney,  violated  his  constitutional  rights  "at  [Horne's]  jury
trial," because he granted several witnesses immunity.  *See* doc. 1 at 5.
He  claims  that  Defendant  Pratt's  decision  was  motivated  by  racial
animus.  *Id.*  Horne indicates that he was ultimately convicted.  *Id.* at 5-
6.    He  seeks  monetary  damages  and  an  injunction  concerning  his
continued detention directed to a Chatham County Superior Court judge.

*Id.* at 7. Pretermitting whether the Court could properly issue an injunction against a non-party state judicial officer, Horne fails to state any plausible claim for relief. For the reasons explained below, his Complaint is dismissed.

To the extent Horne asks this Court to weigh in on the propriety of ongoing state proceedings—*i.e.*, the referenced "timely appeals," doc. 1 at 7—against him, any ruling by this Court could substantially interfere with the results reached in the state court proceeding. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the importance of "whether the federal proceeding will interfere with an ongoing state court proceeding" in determining whether abstention is appropriate). Pursuant to *Younger v. Harris*, 401 U.S. 37, 53 (1971), federal courts must abstain from hearing claims that would interfere with pending state criminal proceedings, provided that the party seeking federal relief has an adequate remedy at law and has not shown that he will suffer irreparable injury. Plaintiff, obviously, remains free to allege constitutional and procedural violations in his state criminal proceedings. He thus cannot demonstrate the lack of an adequate remedy at law nor irreparable injury. *Younger*, 401 U.S. at 46 ("Certain

types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term."). Thus, any such arguments are for the state court. *See also Heck v. Humphrey*, 512 U.S. 477, 487 n. 8 (1994) ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings."). Additionally, even if this Court could weigh in on Horne's allegations, his claims against the named defendant are fatally defective.

Defendant Pratt is immune from suit. Prosecutors are immune from § 1983 liability where their alleged malfeasance stems from their "function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). They enjoy "absolute immunity for the initiation and pursuit of criminal prosecution," even when accused of perjury. *Id.; see also Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutorial immunity applied to allegations prosecutor knowingly used perjured testimony and suppressed material evidence at trial); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for

initiating prosecution even if he did so with malicious intent); *Fullman v. Graddick*, 739 F.2d 553, 559 (11th Cir. 1984) (determining prosecutor entitled to immunity from § 1983 liability for allegedly conspiring to withhold evidence and to create and proffer perjured testimony).

Prosecutorial immunity "extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State.'" *Jones*, 174 F.3d at 1281 (citation omitted).

> Prosecutorial immunity applies, for instance, to the prosecutor's actions in initiating a prosecution and presenting the State's case. A prosecutor is immune for malicious prosecution. Prosecutors are immune for appearances before a court and conduct in the courtroom, including examining witnesses and presenting evidence in support of a search warrant during a probable cause hearing.

*Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (citations omitted). Courts have also expressly recognized that a "prosecutors decision to grant immunity to a witness in return for providing testimony[ ] are . . . barred by prosecutorial immunity, regardless of whether that action was motivated by animus . . . ." *Dillard v. Sanchez*, 2007 WL 1072117, at *3 (D. Or. Apr. 5, 2007). Since the only conduct that Horne references in his Complaint involves prosecutorial decisions Pratt made in the course of a

jury trial, there is simply no doubt that Pratt enjoys absolute immunity against any claim arising from that conduct.

Accordingly, Horne's Complaint is **DISMISSED**. Doc. 1. While *pro se* parties are often entitled to an opportunity to amend claims before dismissal, such an opportunity is not warranted here because any amendment would be futile. *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). The Clerk is **DIRECTED** to **CLOSE** this case.

Finally, the Court must assess Horne's filing fee. *See* 28 U.S.C. § 1915(b). His Prisoner Trust Account Statement indicates that the average monthly deposits to his prison trust account were $160.50 in the six months prior to the Complaint. Doc. 6 at 1. He, therefore, owes a $32.10 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," based upon average deposits to or balance in a prisoner's account, under a specific 20 percent formula). His account custodian shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and

6

all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

**SO ORDERED**, this 27th day of August, 2025.

Christopher L. Ray
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

7